IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 09-cr-00357-REB
Criminal Case No. 95-cr-00160-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD K. THRASHER,

    Defendant.

## ORDER DETERMINING COMPETENCY

**Blackburn, J.**

On May 7, 2010, this matter came before me for a competency hearing under 18 U.S.C. §§ 4241 and 4247(d), and, thus, for determination of the defendant's competency, *vel non*. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed. I find that defendant is competent to proceed.

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; having considered that the defendant does not contest the finding of competency; having considered the **Forensic Evaluation** [#24] filed under seal on December 7, 2009, to which the parties do not object; and noting that the parties do not object to my consideration of the **Forensic Evaluation** [#24] or the entry of a finding of competency, I enter the following findings of fact,[1] conclusions of law, and orders.

---

[1] My findings of fact are supported by at least a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

**FINDINGS AND CONCLUSIONS:**

1. On October 13, 2009, I entered an **Order For Competency Examination And Determination** [#19][2], granting defendant's **Motion To Determine Competency** [#17] filed October 8, 2009, in 09-cr-00357-REB.

2. Pursuant to my order and 18 U.S.C. § 4247(b), Dr. Jeremiah Dwyer, a forensic psychologist, conducted a psychological examination of the defendant. On December 7, 2019, the **Forensic Evaluation** [#24] of Dr. Dwyer was filed under seal. The report included the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). I approve, adopt, and incorporate the forensic findings, diagnoses, and opinions of Dr. Dwyer.

3. The defendant is not presently suffering from a mental disease or defect[3] rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or unable to assist properly in his defense. Therefore, the defendant is presently competent to proceed.

4. Pursuant to 18 U.S.C. § 3161(h)(1)(A), and with the concurrence of the parties, the period of delay, i.e., from the filing of defendant's motion [#17] on October 8, 2009, to the date of the competency hearing on May 7, 2010, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

---

[2] This order was entered in criminal case no. 09-cr-00357-REB and made applicable in criminal case no. 95-cr-00160-REB by **Minute Order** [#65] entered in that case on December 9, 2009. Thus, the order effectively granted the **Motion To Determine Competency of Mr. Thrasher** [#62] filed on October 8, 2009, in 95-cr-00160-REB.

[3] The diagnoses of Dr. Dwyer are stated on page 17 of his report.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, **Ronald K. Thrasher**, is declared competent to proceed ;

2. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the filing of defendant's motion [#17] on October 8, 2009, to the date of the competency hearing on May 7, 2010, resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

3. That these cases are continued to May 11, 2010, at 11:00 a.m., for status and scheduling conference.

Dated May 11, 2010, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge